IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) 12 CR 150 |
| RONALD MITCHELL | ) Judge Virginia M. Kendall |

## **MEMORANDUM OPINION AND ORDER**

Defendant Ronald Mitchell moves to withdraw his plea of guilty. Mitchell pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a) (1) and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Mitchell claims that he felt pressured to plead guilty, that he did not have sufficient time to review his plea agreement, and that he did not have sufficient time to discuss the case with his attorney. The Government opposes Mitchell's motion. Mitchell did not file a reply to the Government's opposition. For the reasons stated herein, this Court denies Mitchell's motion.

## **FACTS**

On March 7, 2012, a federal grand jury returned a two-count indictment against Mitchell charging him with knowingly and intentionally possessing with intent to distribute 100 grams or more of mixtures of a substance containing a detectable amount of heroin and with being a felon who knowingly possessed an Armscor model 1911A1-CS PS .45 caliber pistol. (Dkt. No. 2.) Mitchell appeared before this Court on April 4, 2012, and entered a plea of not guilty as to all counts. (Dkt. No. 6.) Steven Greenberg entered an appearance on Mitchell's behalf on April 9, 2012. (Dkt. No. 11.)

1

On October 23, 2012, Mitchell filed a motion to remain on bail or alternatively to continue the trial date and set a change of plea. (Dkt. No. 21.) In that motion, Mitchell indicated that he intended to plead guilty and sought to remain on bond until sentencing. (*Id.*) Mitchell withdrew his plea of not guilty and entered a plea of guilty on February 7, 2013.

Before accepting Mitchell's plea of guilty, this Court held a change of plea hearing during which this Court determined that Mitchell's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. (*See* Dkt. No. 48, Hr'g Tr. 12:14-15 (Feb. 7, 2013).) After placing Mitchell under oath, this Court determined that he was competent to enter a plea of guilty based on his answers to a series of questions asked by this Court. (*Id.* at 5:25-6:3.) Specifically, this Court asked Mitchell about his educational background (*id.* at 3:10-13), whether he had ever been treated for a mental health condition (*id.* at 4:6-8), whether he had ever been treated for substance abuse (*id.* at 4:9-21), and whether he had any alcohol or drugs in the twenty-four hours prior to his change of plea hearing (*id.* at 4:22-5:2). Neither Mitchell's lawyer nor the Government identified any reason to question Mitchell's competency. (*Id.* at 5:7-11.)

After finding Mitchell competent to plead guilty, this Court advised Mitchell on the maximum sentence he faced, his rights, his waiver of his rights, and the effects of his waiver of his rights. Specifically, this Court explained that Mitchell faced a total potential sentence of fifty years in prison, a mandatory minimum sentence of five years in prison, and an advisory sentencing guideline range of 168 months to 210 months in prison. (*Id.* at 6:6-19, 8:4-7.) This Court also explained that Mitchell had a right to a speedy trial by a jury, that the government would have to prove Mitchell's guilt beyond a reasonable doubt, and that his lawyer could cross-examine any witnesses presented by the Government. (*Id.* at 9:14-10:8.) This Court further

2

explained that Mitchell could testify at trial if he chose to do so, and that no one could infer guilt should he choose not to testify at trial. (*Id.* at 10:9-12.) After explaining his rights, this Court explained that Mitchell would waive those rights, as well as his appellate rights except for involuntariness or effective assistance of counsel, by entering a plea of guilty. (*Id.* at 10:21-12:9.) When asked, Mitchell stated that no one forced him to enter his plea of guilty. (*Id.* at 12:14-15.)

Mitchell also confirmed that he reviewed his plea agreement with his lawyer. (*Id.* at 3:14-21.) Mitchell further confirmed that he asked his lawyer questions about his plea agreement and that his lawyer answered his questions. (*Id.* at 3:22-25.) The plea agreement itself contains many of the admonishments this Court gave Mitchell during his plea hearing.

## **STANDARD OF REVIEW**

A defendant may withdraw a plea of guilty after a court accepts the plea but before the court imposes a sentence if a defendant can show a fair and just reason for withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). A defendant's right to withdraw a plea prior to sentencing is not absolute. *Id.* at 606-07. One instance in which a defendant may withdraw a plea of guilty is where the defendant did not enter the plea voluntarily and knowingly. *Id.*

To ensure that a defendant enters his plea voluntarily and knowingly, a court must address the defendant personally in open court. Fed. R. Crim. P. 11(b)(1); *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). During this exchange, known as a Rule 11 or plea colloquy, a court informs a defendant who intends to enter a plea of guilty of various rights outlined in Rule 11 to ensure that the defendant understands his rights. *Id.* But Rule 11 does not require rigid adherence. *Id.* Rather, the validity of a plea colloquy depends on whether the defendant understood the charge against him and whether the court informed the defendant of his

rights. *Id.* at 688-89; *see also United States v. Messino*, 55 F.3d 1241, 1254 (7th Cir. 1995). Factors such as the complexity of the charge, the defendant's level of intelligence, age, education, and whether counsel represented the defendant influence the determination as to the validity of a Rule 11 colloquy. *Blalock*, 55 F.3d at 689.

Substantial compliance with Rule 11 is all that is necessary to ensure that a defendant enters his plea voluntarily and knowingly. *See United States v. Davila*, 133 S. Ct. 2139, 2146-47 (2013); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). Any variance from the requirements of Rule 11 is harmless error if it does not affect substantial rights. Fed. R. Crim. P. 11(h). Whether an error is harmless in the context of Rule 11 depends on "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *United States v. Loutos*, 383 F.3d 615, 618 (7th Cir. 2004) (citations omitted).

## **DISCUSSION**

The record shows that Mitchell entered his plea voluntarily and knowingly. This Court determined as much after having conducted an extensive colloquy with Mitchell to ensure that he understood the charges against him, his rights, and the effects of his guilty plea on his rights. During its colloquy with Mitchell, this Court observed Mitchell's demeanor as he responded to this Court's inquiries. *See United States v. Seavoy*, 995 F.2d 1414, 1421 (7th Cir. 1993) ("The only rational manner in which a judge may determine whether a plea is knowingly and voluntarily made, is to observe the defendant's demeanor and responses to the court's questions and to rely on the defendant's sworn answers."). His demeanor and responses indicated that he was competent to plead guilty. Mitchell does not challenge the sufficiency of this Court's colloquy.

Rather, Mitchell claims that he did not have sufficient time to review his plea agreement and discuss its ramifications with his lawyer. Specifically, Mitchell claims that he did not understand that he agreed to having possessed with the intent to distribute approximately nine kilograms of cocaine for purposes of computing his sentence under the advisory sentencing guidelines. Mitchell also claims that he felt pressured to plead guilty because he believed that he would otherwise have to go to trial on the date set by this Court. Mitchell further claims that he did not understand that he would waive his right to appeal any sentence imposed by this Court or any claims he may have under 28 U.S.C. § 2255. Each of Mitchell's claims is without merit.

During its colloquy with Mitchell, this Court explained that it must consider the advisory sentencing guidelines when determining Mitchell's sentence. (*See* Dkt. No. 48, Hr'g Tr. 6:23-7:1 (Feb. 7, 2013).) This Court then explained how it would use the advisory sentencing guidelines to determine the advisory sentence range. (*Id.* at 7:2-9.) This Court explained that Mitchell would be held responsible for at least three kilograms but less than ten kilograms of heroin (*id.* at 7:5-9), which is exactly what the plea agreement sets forth (Dkt. No. 33 at ¶ 9.b.i.). There is no mention of cocaine in the plea agreement. And the only mention of cocaine during the plea colloquy happened when this Court misspoke—which this Court promptly corrected. (*See* Dkt. No. 48, Hr'g Tr. 7:5-9 (Feb. 7, 2013) ("And that's because the amount of cocaine that you are – heroin, excuse me, that you are being held responsible for is at least 3 kilograms but less than 10 kilograms.").) Thus, Mitchell's claim that he did not understand that he agreed to having possessed with the intent to distribute approximately nine kilograms of cocaine for purposes of computing his sentence under the advisory sentencing guidelines fails because he did not do so. Moreover, any claim that he did not understand that he agreed to having possessed with the intent to distribute approximately nine kilograms of heroin for purposes of computing his

sentence under the advisory sentencing guidelines fails because this Court and the plea agreement explicitly explained it to Mitchell.

This Court also explained to Mitchell that he had a right to a speedy trial and a trial by a jury of his peers. (*See* Dkt. No. 48, Hr'g Tr. 9:14-24 (Feb. 7, 2013).) At no time did Mitchell or his counsel express any concern as to the timing of the trial or ask for a new trial date. Rather, Mitchell stated under oath that he understood that he would waive his trial rights by entering a plea of guilty. (*Id.* at 10:21-23.) The same is true for Mitchell's appellate rights. This Court explained that Mitchell waived his appellate and collateral rights in exchange for the government's dismissal of a sentencing enhancement Mitchell would otherwise face. (*Id.* at 10:25-12:9.) This Court's admonishment in open court repeated to Mitchell what his plea agreement contained with respect to his waiver of his trial, appellate, and collateral rights. (*See* Dkt. No. 33 at ¶ 19.) For these reasons, Mitchell's claims regarding the timing of his trial and his waiver of his appellate and collateral rights are without merit.

Tellingly, the record shows that Mitchell did not enter his plea in haste. *See United States v. McFarland*, 839 F.2d 1239, 1242 (7th Cir. 1988) (affirming denial of motion to withdraw plea of guilty where defendant did not act in haste and was not confused about the plea). Mitchell filed a motion on October 23, 2012, indicating his intent to plead guilty. (Dkt. No. 21.) This was more than three months before Mitchell appeared before this Court to enter his plea of guilty. This afforded Mitchell ample time to discuss whether to plead guilty with his counsel. During his plea colloquy, Mitchell acknowledged that he discussed his plea agreement with his lawyer and that he was satisfied with is lawyer's representation. (*See* Dkt. No. 48, Hr'g Tr. 3:14-4:5 (Feb. 7, 2013).) Mitchell also acknowledged that no one forced him to enter his plea of guilty. (*Id.* at 12:14-15.) "Because the defendant's statements at the plea colloquy are presumed to be true, the

defendant bears a heavy burden of persuasion in showing that such a fair and just reason exists." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008).

Mitchell has not met that heavy burden. At the time of his plea, Mitchell understood the nature of the charges against him and even negotiated to have the government dismiss the notice of prior conviction related to the defendant filed under 21 U.S.C. § 851 prior to sentencing. (*See* Dkt. No. 33 at ¶ 13.) His responses and demeanor during his plea colloquy reflected a voluntary plea and knowing waiver of his trial, appellate, and collateral rights. Mitchell has not presented any evidence that supports his claims or that otherwise put his sworn statements to this Court during his plea colloquy at issue. Consequently, there is no fair and just reason to allow Mitchell to withdraw his plea of guilty.

## CONCLUSION

For the reasons stated herein, this Court denies Mitchell's motion to withdraw his plea of guilty.

_____

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 12/27/13

7